IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

Janieka Harrison,

Plaintiff,

                              Case No:    3:24-cv-00788-RAH-JTA

v.

Myron C. Milford, Jr, individually and in official capacity,

Defendant.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

JURY TRIAL DEMANDED

INTRODUCTION

1. This is a civil rights action under 42 U.S.C. § 1983, seeking redress for violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2. Defendant Myron C. Milford Jr, acting under color of state law, violated Plaintiff's fundamental parental rights, procedural due process, and protection against unlawful searches and seizures by authorizing or allowing state actions that lacked proper legal

justification, including an unauthorized entry into Plaintiff's home, the imposition of a safety plan, and the requirement for drug testing.

3. Plaintiff seeks compensatory and punitive damages, declaratory relief, and any further relief this Court deems just.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3), as this action arises under the Constitution and laws of the United States.

5. Venue is proper under 28 U.S.C. § 1391(b), as the events giving rise to this action occurred in Middle Alabama.

## PARTIES

6. Plaintiff Janieka Harrison: A resident of Lagrange Georgia, and the parent of B.S, Z.S, and J.S, who was harmed by the unconstitutional actions described herein.

7. Defendant Myron C. Milford Jr: At all relevant times, Defendant was a judge in Chambers County, Alabama, acting under color of state law. Defendants are sued in their individual and official capacities.

## FACTUAL BACKGROUND

8. On or about October 13, 2024, an anonymous report was made alleging that three children under the age of three were left alone in Plaintiff's home.

9. Based on this report, agents of the Department of Human Resources (DHR), acting without a warrant or a valid court order, entered Plaintiff's home.

10. Plaintiff was forced into a "safety plan" under the threat of losing custody of B.S, Z.S, and J.S, without due process or the opportunity for a fair hearing.

11. As part of the safety plan, Plaintiff was subjected to mandatory drug testing, despite there being no evidence or probable cause justifying such an intrusive measure.

12. Defendant judge Myron C. Milford Jr subsequently authorized or failed to prevent these actions, which directly violated Plaintiff's constitutional rights.

13. The removal of a child or forced compliance with safety plans and drug testing without judicial oversight or adherence to procedural safeguards infringes on a parent's fundamental right to custody, care, and control of their child.

14. At no point was Plaintiff given:

a. A court order authorizing entry into the home;

b. An opportunity to contest the safety plan or drug testing requirements in court; or

c. Evidence or justification for the actions taken.

15. The actions described above caused Plaintiff significant emotional distress, reputational harm, and financial hardship, including expenses associated with complying with the safety plan and drug testing requirements.

## CLAIMS FOR RELIEF

### COUNT I: Violation of the Fourth Amendment – Unreasonable Search and Seizure

16. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

17. DHR agents entered Plaintiff's home without a warrant, probable cause, or exigent circumstances, in violation of Plaintiff's Fourth Amendment rights.

18. Defendant authorized, condoned, or failed to prevent this unconstitutional entry and subsequent seizure of Plaintiff's fundamental rights, making Defendant liable under 42 U.S.C. § 1983.

### COUNT II: Violation of the Fourteenth Amendment – Procedural Due Process

19. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

20. Defendant deprived Plaintiff of procedural due process by:

a. Failing to provide a hearing before implementing the safety plan;

b. Forcing Plaintiff into mandatory drug testing without court authorization; and

c. Permitting DHR to act without judicial oversight or compliance with constitutional safeguards.

21. These actions violated Plaintiff's Fourteenth Amendment right to due process before being deprived of custody, control, or care of their child.

### COUNT III: Violation of the Fourteenth Amendment – Substantive Due Process

22. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

23. Plaintiff has a fundamental right to the custody, care, and upbringing of their child, as protected by the Due Process Clause of the Fourteenth Amendment.

24. Defendant's actions and omissions were arbitrary, capricious, and wholly unrelated to a legitimate state interest, depriving Plaintiff of this fundamental right.

## DAMAGES

Emotional distress, Lost time, lost wages, Slavery, invasion of privacy, cutting my children's hair, parental alienation, and mental anguish.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare that Defendant violated Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments;
2. Award compensatory damages in an amount of $10,000,000.00 for emotional distress, financial losses, and other harms caused by Defendant's actions;
3. Award punitive damages to deter similar misconduct in the future;
4. Grant declaratory and injunctive relief to prevent further unconstitutional actions by Defendant;
5. Grant any other relief this Court deems just and proper.

Dated: 06 December 2024

Respectfully Submitted,

*Javin Aaron* 12/06/2024