IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JANIEKA HARRISON, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:24-cv-00788-RAH-JTA |
| MYRON C. MILFORD, JR., *Individually and in official capacity*, | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is the *Motion for Summary Judgment* (doc. 30) filed by the Defendant, Judge Myron C. Milford, Jr. of the District Court of Chambers County, Alabama. In his motion, Judge Milford asserts his entitlement to absolute immunity and judicial immunity. The motion is due to be granted.

## **JURISDICTION AND VENUE**

The Court has original subject matter jurisdiction over the federal issues raised in this case under 28 U.S.C. § 1331. The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both. *See* 28 U.S.C. § 1391.

## **STANDARD OF REVIEW**

At this stage in the litigation, the Court construes all facts in the light most favorable to the nonmoving party, resolving any inferences or disputes of material facts in that party's favor. *See Fla. Int'l Univ. Bd. of Trs. v. Fla. Nat'l Univ., Inc.*, 830 F.3d 1242, 1252 (11th Cir. 2016). Under this lens, "[s]ummary judgment is [only] proper if the evidence shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hornsby-*

*Culpepper v. Ware*, 906 F.3d 1302, 1311 (11th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). Conclusory allegations that lack factual support do not suffice to avoid summary judgment. *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 924–25 (11th Cir. 2018). The movant bears the initial burden of demonstrating that there is no genuine dispute as to any material fact, and the movant must identify the portions of the record which support this proposition. *Hornsby-Culpepper*, 906 F.3d at 1311 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The movant may carry this burden "by demonstrating that the nonmoving party has failed to present sufficient evidence to support an essential element of the case." *Id.* (citation omitted). "The burden then shifts to the [nonmoving party] to establish, by going beyond the pleadings, that a genuine issue of material fact exists." *Id.* at 1311–12 (citation omitted). The Court only considers disputes that involve material facts, and the relevant substantive law that governs the case determines such materiality of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff Janieka Harrison is the mother of three young children, all under the age of three. Her claims arise out of Judge Milford's actions in his judicial office. On November 20, 2024, Judge Milford issued a Dependency Order ("Order"), in which he made the following findings: 1) the child was removed from the child's mother; 2) an emergency situation existed which required the immediate temporary removal of the child from its home; 3) reasonable efforts were not required due to the emergency; and 4) while the mother disputed DHR's testimony, DHR's version of the facts is correct. (Doc. 34-2 at 3.)

Per the Order, DHR received a report that three young children were home alone, it dispatched a worker to investigate, and that worker found one of the children—a four-year-old—home alone with no supervision. The child readily unlocked the door and invited the worker, a stranger, inside the home. The worker

called for law enforcement's assistance. And while awaiting their arrival, she entered the home where she smelled marijuana. When a police officer arrived, he went inside to search for the other two reported children. Marijuana butts sat on a table within the four-year-old's reach. The other two children were later dropped off by the school bus.

The worker had been at the home for thirty to forty-five minutes before Harrison returned, who admitted upon arrival that she would not pass a drug test. The children were placed in a safety plan, which Harrison failed to follow. Based on his findings and the recommendation of the guardian ad litem, Judge Milford adjudicated the four-year-old a dependent and transferred legal custody of the child to DHR pursuant to Alabama law. (Doc. 34-2 at 5.)

Harrison sued, alleging that at no point did anyone give her 1) a court order to enter her home, 2) an opportunity to contest the safety plan or its drug testing requirements in court, or 3) evidence or justification for the actions taken. And based on these allegations, she argues that Judge Milford authorized and failed to prevent these actions violating her constitutional rights. Harrison asserted three claims against Judge Milford: 1) a violation of her Fourth Amendment right to be free from unreasonable search and seizure based on her allegations that Judge Milford "authorized, condoned, or failed to prevent" DHR's entry into the home; 2) a violation of her Fourteenth Amendment right to procedural due process based on her allegations that Judge Milford did not provide a hearing in relation to the implementation of the safety plan or drug testing, and he "[p]ermitt[ed] DHR to act without judicial oversight" or compliance with the Constitution; and 3) a violation of her Fourteenth Amendment right to substantive due process in relation to her "fundamental right to custody" over her child and the alleged "arbitrary [and] capricious" actions of Judge Milford. (Doc. 1 at 4.)

Judge Milford moves for summary judgment, invoking immunity because he was a judicial officer of the Chambers County Court at the time of Harrison's allegations and because Harrison's allegations stem from his actions in that role.

## DISCUSSION

Harrison brings suit against Judge Milford in his official and individual capacities, and Judge Milford asserts his entitlement to immunity in both capacities.

The Eleventh Amendment bars a suit against a state, *see Bd. Of Trs. Of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363 (2001), and this sovereign (or absolute) immunity from suit extends to "arms of the State," including state officers sued in their official capacities. *See, e.g.*, *Kentucky v. Graham,* 473 U.S. 159, 166 (1985) (finding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Schopler v. Bliss*, 903 F.2d 1373, 1378 (11th Cir. 1990); *see also Kaimowitz v. The Fla. Bar*, 996 F.2d 1151, 1153, 1155 (11th Cir. 1993) (appendix memorandum opinion adopted) ("The Eleventh Amendment prohibits actions against state courts."). Thus, in his official capacity as a judge for the Chambers County Court, which is an arm of the State, Judge Milford is immune from suit. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (holding that the State of Alabama has not waived its immunity to suit in § 1983 cases).

Judge Milford is also entitled to absolute judicial immunity. The doctrine of judicial immunity bars state and federal claims for damages against a judicial officer for actions taken in his judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 9, (1991) ("[G]enerally, a judge is immune from a suit for money damages."); *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994) ("Judges are absolutely immune from civil liability under Section 1983 for acts performed in their judicial capacity[.]").

Judicial immunity, however, is not a complete bar to declaratory relief or "prospective injunctive relief against a judicial officer acting in his or her judicial capacity." *Pulliam v. Allen,* 466 U.S. 522, 541–42 (1984); *Bolin v. Story*, 225 F.3d

1234, 1242 (11th Cir. 2000) (per curiam). But in an action against a judicial officer for acts taken in that role, injunctive relief may be granted only if "a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. In addition, there must be an "absence of an adequate remedy at law." *Bolin*, 225 F.3d at 1242 ("In order to receive declaratory or injunctive relief, plaintiffs must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Further, judicial immunity attaches and protects a judicial officer from suit for "acts within the jurisdiction of the judicial officer . . . even where the officer acts in error, maliciously, or in excess of his authority." *Almon v. Gibbs*, 545 So. 2d 18 (Ala. 1989) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978)); *Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983).

Harrison complains of acts that stem from Judge Milford's actions in carrying out the duties associated with his judicial office for the Chambers County District Court. Harrison complains that Judge Milford's decisions and management of the events leading to and including the adjudication of the dependency of her child violated her constitutional rights, but these decisions and actions are an integral part of the judicial process. As such, Judge Milford has judicial immunity for his actions over which Harrison seeks monetary damages. *See Mireles*, 502 U.S. at 9.

Further, to the extent Harrison seeks declaratory relief, such relief still is subject to absolute immunity because the evidence, viewed in the light most favorable to her, does not show "a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." *Bolin*, 225 F.3d at 1242. And even if Judge Milford incorrectly managed her child's dependency action or erred in his decisions, Harrison had a legal remedy through Alabama's judicial appellate process. Thus, Judge Milford's judicial immunity also extends to Harrison's claims of equitable relief. *See* 42 U.S.C. § 1983;

*Bolin*, 225 F.3d at 1242.

Based on the above, Judge Milford is entitled to immunity against Harrison's constitutional violation claims, and therefore the *Defendant's Motion for Summary Judgment* is due to be granted.

## CONCLUSION

For the reasons stated in this Opinion, the *Defendant's Motion for Summary Judgment* (doc. 30) is due to be and is hereby **GRANTED.** As such, the *Defendant Milford's Motion to Stay Discovery* (doc. 31) is **DENIED** as moot. A separate judgment will issue.

**DONE** and **ORDERED** on this the 18th day of July 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE